68 F.3d 460
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Denis R. O'BRIEN, Plaintiff-Appellant,
v.
John C. LOWE, Defendant-Appellee.
 No. 94-2467.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 20, 1995.
Decided: October 18, 1995.
 
 Denis R. O'Brien, Appellant Pro Se. Raymond Paul Childress, Jr., Paul Dimitri Georgiadis, Thompson, Smithers, Newman & Wade, Richmond, VA, for Appellee.
 Before MURNAGHAN and WILKINSON, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Denis R. O'Brien appeals from a district court's order granting summary judgment in favor of Defendant. O'Brien raises numerous substantive issues on appeal and has moved for vacatur of the entirety of the district court's orders and remand of the matter to state court, from which it was removed, on the basis of lack of subject-matter jurisdiction. We grant in part O'Brien's motion to vacate the district court's orders.
 
 
 2
 This putative diversity action initially was brought in state circuit court on defamation and intentional infliction of emotional distress counts. The federal district court granted Defendant's request for removal based on diversity of the parties. O'Brien did not contest the removal in the district court. It is uncontested that Defendant is a citizen of Maryland and that Plaintiff resides in Virginia. On appeal, however, O'Brien alleges that, while he resides in Virginia, he is not a citizen of any state. O'Brien provided evidence on appeal that he is an American citizen domiciled in New Zealand residing temporarily in Virginia to study law. The evidence has never been before a trier of fact.
 
 
 3
 "Americans domiciled abroad ... are denied access to the diversity jurisdiction of the federal courts...." 13B Charles A. Wright, et al., Federal Practice and Procedure Sec. 3621 (1984); see also NewmanGreen, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989) (no diversity jurisdiction for "stateless" Americans). Questions of subjectmatter jurisdiction may be raised for the first time on appeal. Von Dunser v. Aronoff, 915 F.2d 1071, 1073-75 (6th Cir.1990). However, where determination of the existence of diversity requires factual findings regarding the domicile of a party, the issue should be addressed for the first time by the district court. Id. at 1073. Thus, we remand the matter to the district court for determination of whether O'Brien was domiciled in New Zealand at the time this action was filed. If O'Brien was a domiciliary of New Zealand at that time, the district court should remand the matter to state court, for there is no diversity jurisdiction. If O'Brien was domiciled in a state other than Maryland, the district court properly exercised diversity jurisdiction. The substantive issues would then be ripe for appeal.
 
 
 4
 Thus, we remand this case to the district court for findings regarding O'Brien's citizenship and the appropriateness of the district court's exercise of diversity jurisdiction. We express no opinion on the merits of the district court's orders. We deny O'Brien's motion to stay appellate proceedings and we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 VACATED AND REMANDED